UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ALEXANDRE AMORIM,

        Plaintiff,

vs.

WAL-MART STORES EAST, LP,

        Defendant.

                           /

## **WAL-MART STORES EAST, LP's NOTICE OF REMOVAL**

Defendant, WAL-MART STORES EAST, LP ("Wal-Mart"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 15th Judicial Circuit Court in and for Palm Beach County, Florida, Case No. 2024-000757, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1.  On or about January 25, 2024, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the 15th Judicial Circuit Court in and for Palm Beach County, Florida. *See* Pl.'s Compl. attached as **Ex. "A."** The Complaint was served on February 20, 2024. *See* Service of Process Transmittal and Summons showing Wal-Mart was served attached as **Ex. "B."**

2.  On November 15, 2024, the Plaintiff filed an Amended Complaint, attached hereto as **Ex. "C."**

3.  The Complaint raises a negligence claim against Wal-Mart due to injuries and damages Plaintiff allegedly sustained on October 7, 2023 while at the Wal-Mart store located at 22100 S State Road 7, Boca Raton, Florida 33428. *See generally* Ex. "C." Specifically, Plaintiff

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

contends he slipped and fell on a liquid on the floor, resulting in injuries and damages. *Id.*, ¶¶ 6, 13.

4. Plaintiff further assert that Wal-Mart breached the duty of care owed to him by, among other things, negligently causing the liquid substance to get on the floor and failing to adequately warn Plaintiff of the alleged condition on which he purportedly slipped. *See id.*, ¶13.

5. At the time Plaintiff filed his lawsuit against Wal-Mart, his case as stated by his initial pleading (i.e Complaint) was not removable pursuant to 28 U.S.C. § 1446(b)(1), as Plaintiff's Complaint alleged an unspecified demand for damages. *See* Ex "A" at ¶ 1.

6. On November 13, 2024, Plaintiff served his demand with updated surgical records and medical billing summary in which he produced information on medical bills from various medical providers in the amount of $218,241.08. *See* Plaintiff's demand with medical billing summary, attached as **Ex. "D."** At that time, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), in which the damages exceed $75,000.00 because Plaintiff's past medical expenses are in the total amount of $218,241.08. *See* Ex. C.

7. Accordingly, on November 13, 2024, Wal-Mart first ascertained that the case is one which has become removable pursuant to 28 U.S.C. §1446(b)(3), as the Plaintiff first produced evidence that the damages exceed $75,000.00. *Id.*

8. Plaintiff resides in Palm Beach County, Florida. *See* Ex. A., ¶ 2, Ex C., ¶ 2.

9. Plaintiff's medical records and bills also make clear that Plaintiff resides in Florida and intends to remain in Florida. *See* Plaintiff's Redacted Medical Bills, attached as Ex**. "E."**

10. Given the foregoing, this matter is removable based on diversity of citizenship of

**HAMILTON, MILLER & BIRTHISEL** LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

the parties and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorney's fees, and costs.

11.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 15th Judicial Circuit of the State of Florida in and for Palm Beach County together with a docket sheet from the Clerk of the Court.  *See* attached as **Composite Ex. "F."**

12.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

13.     On November 13, 2024, Wal-Mart first ascertained that the matter is one which has become removable pursuant to 28 U.S.C. § 1446(b)(3), as the Plaintiff produced evidence that damages exceed $75,000.00.  *See* Ex. "D."

14.     28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty (30) days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

15.     The Eleventh Circuit Court has held that ***responses to discovery***, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

16.     In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of November 13, 2024, which is the date that Plaintiff produced

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

evidence pursuant to his responses to discovery requests that damages in this case exceed $75,000.00, making it clear that removal is appropriate. Thus, the instant Notice of Removal is timely filed.

17. Venue exists in the United States District Court for the Southern District of Florida, West Palm Beach Division, because the 15th Judicial District in and for Palm Beach County, where Plaintiff filed her state court Complaint against Wal-Mart, is located within the United States District Court for the Southern District of Florida, West Palm Beach Division.

## THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

19. "Diversity jurisdiction, as a general rule, requires complete diversity – every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth., 22 F.3d 1559, 1564 (11th Cir. 1994).

20. "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." PTA-Fla, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016) (citing Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

21. This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**Citizenship of Alexandre Amorim.**

22. Plaintiff's Complaint indicates that she "at all material times Alexandre Amorim was and is a resident of Florida." See Ex. "A", Pl.'s Compl. At ¶ 2; and Ex. "C", Pl.'s Am.

Compl. At ¶ 2.

23.     Although Plaintiff's Complaint does not expressly use the word citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 U.S. Dist. LEXIS 51705, at *8 (S.D. Fla. June 1, 2009); *Furnari v. Nuance Communs., Inc.*, 2011 U.S. Dist. LEXIS 166061, at *6 (M.D. Fla. Sep. 20, 2011); *see also E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1359 n.2 (S.D. Fla. 2015) (noting that there is a presumption that the state in which a person resides at any time is also the person's domicile).

24.     Here, Plaintiff stated he resides in Florida. See Ex. "A", Pl.'s  Compl. at ¶ 2, and Ex. "C", Pl.'s Am. Compl. At ¶ 2. Plaintiff's Florida residence is prima facie evidence of his domicile, which is equivalent to citizenship for purposes of establishing diversity. *See* Katz, 2009 U.S. Dist. LEXIS 51705 at *8.

25.     Further, within Plaintiff's Verified Answers to Interrogatories, Plaintiff states he has lived in Broward and Palm Beach County since 2018. See Plaintiff's redacted Answers to Interrogatories attached as **Ex. "G."**

26.     Finally, since April 2023 until present Plaintiff has been treating his alleged injuries in Florida.  His medical records and bills also make clear that Plaintiff resides in Florida and intends to remain in Florida. See Ex. D, Plaintiff's Redacted Medical Bills.

27.     Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**Citizenship of Wal-Mart.**

Wal-Mart Stores East, LP is a foreign limited partnership, which is and, on the date of the filing of the Complaint, a Delaware Limited Partnership with its principal place of business in Arkansas.  WSE Management, LLC and WSE Investment, LLC are the only partners of Wal-Mart Stores East, LP.  WSE Management LLC is the general partner and WSE Investment, LLC is the limited partner.

WSE Management, LLC and WSE Investment, LLC were, on the date of the filing of the Complaint, and currently are Delaware limited liability companies.  The sole member of WSE Management, LLC and WSE Investment, LLC is, and on the date of the filing of the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.  The sole member of Wal-Mart Stores East, LLC is and, on the date of the filing of the Complaint, Walmart Inc.  Walmart Inc., formerly known as Wal-Mart Stores, Inc., is, and on the date of the filing of the Complaint, a Delaware corporation.  The principal place of business for all of the above-mentioned entities is Bentonville, Arkansas and was so on the date of the filing of the Complaint.

## IV. AMOUNT IN CONTROVERSY

28.   The amount in controversy exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $50,000.00 jurisdictional minimum, it is clear from Plaintiff's medical records and medical bills that the Plaintiff's claimed damages exceed the jurisdictional minimum of $75,000.00 in this Court. *See Del Rio v. Scottsdale Ins. Co.*, 2005 WL 3 093434 (M.D. Fla. Nov. 18, 2005) (answers to interrogatories evidence of amount in controversy where the answers indicated plaintiff sought more in damages than the jurisdictional amount).

**HAMILTON, MILLER & BIRTHISEL** LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

29.     The well-established rule adopted by the Eleventh Circuit states that Wal-Mart can offer its own affidavits, declarations, *or other documentation* to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

30.     Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000) (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement).

31.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, like Wal-Mart, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. All that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

7

32.  Similarly, the Eleventh Circuit Court has held that *responses to discovery*, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

33.  The relevant portions of Plaintiff's medical bills produced with his demand dated November 13, 2024, conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, pursuant to his demand with medical billing summary dated November 13, 2024, his medical bills incurred as a result of medical treatment were at $218,241.08.  *See* Ex. "D."

34.  These representations sufficiently and conclusively establish by a  preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

35.  Accordingly, Wal-Mart has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. <u>CONCLUSION</u>

Because there exists complete diversity between Plaintiff and Wal-Mart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 15th Judicial Circuit in

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

and for Palm Beach County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2024-000757 on the docket of the Court for the 15th Judicial Circuit in and for Palm Beach, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, West Palm Beach Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: December 5, 2024.

/s/ *Marta R. Golani*

Stephanie H. Vo, Esq.
Florida Bar No. 28603
svo@hamiltonmillerlaw.com
Marta R. Golani, Esq.
Florida Bar No. 037331
mgolani@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ *Marta R. Golani*
Marta R. Golani

## SERVICE LIST

Bradley P. Denniston, Esquire
THE RIGHT LAW FIRM, PA
9945 NW 2nd Court
Plantation, FL 33324
Phone: 954-633-7744
service@rightlawfl.com
brad@rightlawfl.com

***Attorneys for Plaintiff***

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690