UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81535-SMITH/MATTHEWMAN

ALEXANDRE AMORIM,

    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

    Defendant.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS [DE 44]
AND MOTION FOR RECONSIDERATION [DE 9]**

THIS CAUSE is before the Court upon Defendant Wal-Mart Stores East, L.P.'s ("Defendant") Motion to Dismiss Counts II and III of Plaintiff's Second Amended Complaint ("Motion to Dismiss") [DE 44] and Motion for Declaration that State Court Discovery Is Void, Motion for Reconsideration of State Court's Discovery Order, and, in the Alternative, Motion to Stay Discovery or for Protective Order ("Motion for Reconsideration") [DE 9] (collectively "Motions"), which were referred to the Undersigned United States Magistrate Judge by United States District Rodney Smith [DEs 20, 29, 51]. The Motions are ripe for review. *See* DEs 13, 18, 47, 48. For the reasons set forth below, the Undersigned **RECOMMENDS** that the Motion to Dismiss be **GRANTED** and that the Motion for Reconsideration be **DENIED AS MOOT**.

## I.   BACKGROUND

Plaintiff Alexandre Amorim ("Plaintiff") allegedly slipped and fell on a foreign substance on Defendant's premises. *See* DE 35. The case was removed to federal court on December 10, 2024. [DE 1]. Before removal, Plaintiff pleaded a negligence claim under Florida Statute section 768.0755. [DE 1-7 at 7–10]. Plaintiff then sought leave to amend his complaint to include a negligence claim for improper flooring surfaces to which Defendant objected. [DE 1-7 at 193–203, 484–87]. Next, Plaintiff served Defendant with a supplemental request for production related to Plaintiff's added claim. *Id.* at 208–17. Defendant objected to almost all of the requests. *Id.* at 251–54. Plaintiff then filed a Motion to Compel Better Responses to Plaintiff's Discovery Requests. *Id.* at 272–83. After a hearing, the state court permitted Plaintiff to amend his complaint and granted Plaintiff's Motion to Compel Better Responses to Plaintiff's Discovery Requests subject to certain limitations. [DE 1-7 at 520–22].

After removal, Defendant asked this Court to reconsider the state court's order allowing discovery regarding Plaintiff's negligence claim for improper flooring surfaces. [DE 9]. Defendant claims that Plaintiff's amended negligence claim is actually based on a negligent mode of operation theory which is impermissible under Florida law. *See id.* Therefore, Defendant argues that the state court order should be reconsidered because the claim is improper, and Plaintiff should not be permitted discovery concerning this claim. *See id.*

The Undersigned then held a hearing on April 9, 2025, and permitted Plaintiff to amend his complaint again to clarify his improper flooring claim. [DE 34]. Next, Plaintiff filed his Second Amended Complaint which now pleads three counts: (1) Negligence Under Fla. Stat. § 768.0755, (2) Negligent Design of the Premises, and (3) Negligent Construction of the Premises.[1] [DE 35].

---

[1] To note, Counts II and III are nearly identical. Plaintiff substitutes the word "design" for "construction" in Count III. [DE 35].

Defendant, while raising similar arguments as in its Motion for Reconsideration, moves to dismiss Counts II and III, claiming they are disguised negligent mode of operation claims. *See* DE 44.

## II.     LEGAL STANDARDS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Pleadings, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.* at 680–81 (citations omitted). The Court must review the "well-pleaded factual allegations" and, assuming their veracity, "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. A plaintiff must, under *Twombly*'s construction of Rule 8 cross the line "'from conceivable to plausible.'" *Id.* at 680 (citation omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief

could be granted. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

Lastly, federal courts sitting in diversity jurisdiction apply the law of the forum state when deciding claims originating in state law. *See Goodwin v. George Fischer Foundry Sys., Inc.*, 769 F.2d 708, 711 (11th Cir. 1985); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, the Court will apply Florida law.

### III.  DISCUSSION

#### A. Motion to Dismiss

Defendant moves to dismiss Counts II and III of the Second Amended Complaint because it asserts that Counts II and III are disguised negligent mode of operation claims barred under Florida law. [DE 44 at 3–7]. In response, Plaintiff claims that Florida law does not preclude alternative negligence theories in slip and fall cases and that Counts II and III are not disguised negligent mode of operation claims. *See* DE 47.

To start, the Court will provide an overview of Florida slip and fall claims. "To prevail on a claim for negligence under Florida law, a plaintiff must show that: (1) the defendant owed a duty, (2) the defendant failed to conform to that duty, (3) the defendant's failure to conform to that duty caused the plaintiff's injury, and (4) the plaintiff suffered some actual harm." *Struck v. Wal-Mart Stores E., LP*, No. 21-11012, 2021 WL 5052557, at *2 (11th Cir. Nov. 1, 2021) (citing *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007)).

In 2002, the Florida Legislature enacted section 768.0710, Florida Statutes, which was titled "[b]urden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises." Section 768.0710 stated the following.

> (1)  The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the

safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.

(2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:

(a) The person or entity in possession or control of the business premises owed a duty to the claimant;

(b) The person or entity in possession or control of the business premises acted *negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim.* However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and

(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

Section 768.0710, Florida Statutes (2002) (emphasis added). The legislature then "repealed section 768.0710 and replaced it with section 768.0755, Florida Statutes (2010)[.]" *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418, 424 (Fla. 4th DCA 2014).

Current section 768.0755, Florida Statutes, provides that "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person *must prove* that the business establishment had *actual or constructive knowledge of the dangerous condition* and should have taken action to remedy it." § 768.0755(1), Fla. Stat. (emphasis added). Thus, section 768.0755 "limits a business's liability to an invitee who is injured by a 'transitory foreign substance.'" *Deakins v. Wal-Mart Stores E., LP*, No. 22-10993, 2024 WL 413452, at *2 (11th Cir. Feb. 5, 2024) (citing *Lago v. Costco Wholesale Corp.*, 233 So. 3d 1248, 1250 (Fla. 3d DCA 2017); *Lauderdale Supermarket, Inc. v. Puentes*, 332 So. 3d 526, 530 (Fla. 4th DCA 2021)). "Actual knowledge of a dangerous condition exists when a business's employee or agent 'knows of or creates' the dangerous condition[.]" *Deakins*, 2024 WL 413452, at *2 (citing *Barbour v. Brinker*

5

*Fla., Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001); *Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730, 732 (Fla. 1961)). "A plaintiff can establish constructive knowledge with circumstantial evidence showing that either: (1) '[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition;' or (2) '[t]he condition occurred with regularity and was therefore foreseeable.'" *Deakins*, 2024 WL 413452, at *2 (quoting § 768.0755(1), Fla. Stat.).

Thus, current section 768.0755 differs from prior section 768.0710 in that section 768.0755 requires a knowledge element in slip and fall claims and removes the language regarding the business "owner's negligent maintenance, inspection, repair, warning, or mode of operation." *Pembroke Lakes Mall Ltd.*, 137 So. 3d at 424. Therefore, in Florida slip and fall cases under section 768.0755, a plaintiff cannot proceed with a negligent mode of operation theory. *Publix Super Markets, Inc. v. Blanco*, 373 So. 3d 1178, 1181–82 (Fla. 3d DCA 2023), *review denied*, No. SC2023-0493, 2023 WL 4198990 (Fla. June 26, 2023).

Here, the Court need not decide whether a plaintiff can alternatively plead a negligent design and/or construction defect claim alongside a slip and fall claim under section 768.0755 because the Court finds that Counts II and III are, in fact, disguised negligent mode of operation claims.

Count I pleads a claim under section 768.0755. [DE 35 ¶¶ 10–16]. Plaintiff alleges that he slipped and fell on a transitory foreign substance—rainwater—in Defendant's entrance/cart storage area ("subject entrance"). *See* DE 35. Plaintiff also claims that Defendant had actual or constructive notice of dangerous condition because another customer slipped and fell in the same area ten minutes earlier. *Id.* ¶ 14–15.

6

Counts II and III allege that Defendant designed/constructed the premises in an unreasonably dangerous condition because Defendant (1) allowed customers to use the subject entrance as a way to enter the store and did not restrict access for the exclusive use of storing shopping carts; (2) did not choose a non-slip floor material in the subject entrance; (3) did not have an adequate drainage system; (4) did not affix a warning sign near the subject entrance that the area is not actually an entrance; and (5) allowed customers to use the unsafe subject entrance. *Id.* ¶¶ 19, 25. Neither count includes actual or constructive notice allegations.

To start, the Court cannot find, nor do the parties point to, any case in which claims like the ones presented here have been permitted in the alternative to a slip and fall negligence count under section 768.0755.[2] However, the following cases are instructive in determining whether Counts II and III actually allege a negligent mode of operation theory.

First, the Florida Supreme Court previously described the no longer valid negligent mode of operation theory as looking "to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident. Under this rule, the plaintiff is not required to prove notice if the proprietor could reasonably anticipate that hazardous conditions would regularly arise." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 328 (Fla. 2001) (citation omitted).

Here, while Counts II and III are titled as negligent design and construction defect claims, the Court must focus on "the substance of the complaint, not on the labels [Plaintiff] chooses to give his claims, and not on the artful way [Plaintiff] words his allegations." *Cochran v. Penn Mut. Life Ins. Co.*, 35 F.4th 1310, 1315 (11th Cir. 2022). Fundamentally, Plaintiff pleads that an area of Defendant's premises is dangerous when it rains, and that Defendant allows customers to enter its

---

[2] In reality, Plaintiff essentially points to no cases to support his claims.

store through this area. Thus, by focusing on these areas, Counts II and III center on how Defendant chooses to operate its business, not on the actual design or construction of Defendant's premises.

Second, in *Struck*, the plaintiff slipped and fell on a puddle of rainwater in the defendant's store. *Struck*, 2021 WL 5052557, at *1. The crux of the plaintiff's arguments regarded the defendant's roof issues. *Id.* On appeal, the plaintiff argued that the defendant "did not need to have knowledge of the *specific* puddle, but a general knowledge that the roof leaked when it rained." *Id.* The plaintiff also argued that she had a separate cause of action for the defendant's failure to maintain the leaky roof. *Id.* The Eleventh Circuit, applying Florida law, found that the plaintiff could not prove actual notice of the puddle by showing that the defendant "knew that their roof had leaks in it." *Id.* at 2. The court continued to state that "knowledge of problems with the roof does not mean that [the defendant] had actual knowledge of the puddle." *Id.* The court held the plaintiff could not prove constructive knowledge because the plaintiff could not show that the defendant was "on notice that the roof in this particular area was prone to leaks when it rained." *Id.* at 3.

Further, the court held that the plaintiff could not bring a separate cause of action for failure to maintain the leaky roof under Florida Statute section 768.0755(2). *Id.* at 4. Section 768.0755(2) states that "[t]his section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises." § 768.0755(2), Fla. Stat. The Eleventh Circuit interprets "the plain meaning of that statute to mean that § 768.0755 does not alter the common law duty that premises owners owe to their invitees, which is the duty 'to exercise reasonable care to maintain their premises in a safe condition.' … However, to prevail on a negligence claim, a plaintiff must also show that the defendant's conduct failed to conform with the legal duty." *Struck*, 2021 WL 5052557, at *4 (quoting *Owens*, 802 So. 2d at 320) (citing *Williams v. Davis*, 974 So.

8

2d 1052, 1056 (Fla. 2007)). To allow "plaintiffs to prove the defendant breached their duty without proving notice [] is at odds with the amendment of Section 768.0755 to include a notice requirement." *Id.*

Here, instead of a leaky roof, this case has slippery when wet floors. Logically, if a plaintiff cannot prove actual or constructive knowledge with evidence of a problematic roof, a plaintiff cannot bypass section 768.0755's notice requirement by pleading a negligence claim for problematic flooring. Similarly, here, Plaintiff is attempting to plead that Defendant breached its duty by alleging that Defendant's floors are generally dangerous when it rains, instead of alleging knowledge of the specific puddle or dangerous condition. This logic has been rejected by the Eleventh Circuit.

Lastly, courts in this district have stricken negligent mode of operation allegations because the theory has been clearly eliminated "as a basis of recovery in slip-and-fall cases." *Ledesma v. Ross Dress for Less, Inc.*, No. 20-20405-CIV, 2020 WL 13388299, at *3 (S.D. Fla. Sept. 14, 2020) (citation omitted); *see also Galarza v. Ross Dress for Less Inc.*, No. 1:23-CV-20787, 2023 WL 5154312, at *2 (S.D. Fla. July 26, 2023), *report and recommendation adopted*, No. 23-20787-CV, 2023 WL 5139693 (S.D. Fla. Aug. 10, 2023); *Kohli v. Pembroke Lakes Mall, LLC*, No. CV 17-60967-CIV, 2017 WL 4863089, at *2 (S.D. Fla. Oct. 26, 2017). Here, striking negligent mode of operation allegations is impossible since Counts II and III are wholly reliant on a negligent mode of operation theory.

Thus, because Plaintiff cannot rely on a negligent mode of operation theory, the Court **RECOMMENDS** that Counts II and III be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted under Florida law. Fed. R. Civ. P. 12(b)(6).[3]

---

[3] The Court takes no position on whether Counts II and III would be sufficient with knowledge allegations as required under section 768.0755 as that issue was not presented.

### B. Motion for Reconsideration

Because the Court recommends that Counts II and III be dismissed, the Motion for Reconsideration need not be considered because, if this Report and Recommendation is adopted by the District Judge, the claims that will be pending will be different from those presented to the state court. *See* Fed. R. Civ. P. 26(b)(1) (describing how parties may obtain discovery that is relevant and proportional to a pending claim or defense). No discovery is appropriate as to dismissed claims.

However, the Court takes no position at this juncture as to whether any of Plaintiff's requested discovery is relevant or proportional regarding Count I under Federal Rule of Civil Procedure 26(b). Neither party is prohibited from seeking relevant and proportional discovery under Rule 26(b) or a protective order under Rule 26(c). But, any further discovery practice shall comply with the Federal Rules of Civil Procedure, the Southern District of Florida Local Rules, and the Order Setting Discovery Procedure [DE 30].

## IV.  CONCLUSION

Therefore, the Court **RECOMMENDS** that the District Judge **GRANT** the Motion to Dismiss [DE 44] and **DISMISS WITHOUT PREJUDICE** Counts II and III and **DENY AS MOOT** the Motion for Reconsideration [DE 9].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Rodney Smith. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of May 2025.

WILLIAM MATTHEWMAN
United States Magistrate Judge